# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FENWAY ENTERPRISES 1271 BOYLSTON STREET LLC, | ) ) ) ) | |
| *Plaintiff*, | ) ) | Civil Action No. |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| HARD ROCK CAFE INTERNATIONAL (USA), INC., | ) ) ) ) | |
| *Defendant*. | ) ) | |

## **COMPLAINT**

Plaintiff Fenway Enterprises 1271 Boylston Street LLC ("Plaintiff" or "Fenway Enterprises") brings this action to protect the goodwill and federally registered trademark rights associated with its successful music-inspired "Verb" hotel. Fenway Enterprises selected "Verb" as a shortened form of the term "reverb" or "reverberation" in order to evoke an authentic music-inspired experience. With full knowledge of Fenway Enterprises' trademark rights, Hard Rock Cafe International (USA), Inc. ("Hard Rock Cafe") is launching a new line of music themed hotels called "Reverb," which is confusingly similar to the "Verb" hotel. Consumers looking to stay at a music-inspired hotel are likely to mistakenly associate the Verb with the Reverb hotels, or mistakenly believe that the Verb hotel is somehow associated with the glitzy and inauthentic experiences synonymous with the Hard Rock brand. Despite repeated requests by Fenway Enterprises and having ample time and opportunity to rebrand, Hard Rock Cafe is refusing to alter the name of its new hotel line, leaving Fenway Enterprises no choice but to protect its trademark and the goodwill associated with the Verb hotel.

**The Parties**

1. Plaintiff Fenway Enterprises is a Delaware limited liability company with its principal place of business located at 136 Brookline Avenue, Boston, Massachusetts 02215. Fenway Enterprises is registered to do business in the Commonwealth of Massachusetts.

2. Fenway Enterprises is the owner of the Verb hotel located at 1271 Boylston Street, Boston, Massachusetts.

3. Fenway Enterprises is the owner of all right, title and goodwill in and to the trademark "VERB" for hotel services, including all common law rights and U.S. Trademark Registration No. 4,634,225 for "VERB" on the Principal Register for "Hotel services," with a priority date of January 28, 2014 (the "VERB Mark"). A copy of the electronic records from the U.S. Patent and Trademark Office ("USPTO") for the VERB Mark is attached as **Exhibit A**.

4. Upon information and belief, Defendant Hard Rock Cafe is a Florida corporation with a principal place of business at 5701 Stirling Road, Davie, Florida 33314. According to the records at the USPTO, Hard Rock Cafe is the owner of the "HARD ROCK" brand for, among other things, the HARD ROCK chain of hotels and restaurants, including the Hard Rock Cafe located at 22 Clinton Street, Boston, Massachusetts.

5. According to the records at the USPTO, Hard Rock Cafe is the owner of pending intent-to-use trademark applications for "REVERB" and "REVERB BY HARD ROCK" for hotel services, including U.S. Trademark Application Serial Nos. 88/236,829 and 87/780,100. A copy of USPTO electronic records for Serial Nos. 88/236,829 and 87/780,100 are attached as **Exhibit B**. According to the records at the USPTO, Hard Rock Cafe also filed intent-to-use trademark applications for "REVERB" and "REVERB BY HARD ROCK" for restaurant, bar and casino services.

6. Upon information and belief, Hard Rock Cafe plans to open Reverb hotels throughout the United States, including in Massachusetts.

7. The Privacy Policy of the Reverb website, available at www.reverbhotels.com/privacy-policy/, states that the Reverb website is "owned and operated" by defendant Hard Rock Cafe. The Reverb website is an interactive website accessible to residents of Massachusetts and collects personal information of Massachusetts residents who visit the Reverb website. Residents of Massachusetts may visit the Reverb website in order to learn more and inquire about the Reverb by Hard Rock hotels. Hard Rock Cafe encourages visitors to its Reverb website, including residents of Massachusetts, "to call or email us" in order to learn more about the Reverb hotels, provides a direct link for emailing Hard Rock Cafe about its Reverb hotels, and enables Massachusetts residents to submit questions and personal identifying information to Hard Rock Cafe, including name, address, telephone number and email address.

8. In addition, the Reverb website encourages "developers and investors looking for more information" about the Reverb hotels to click on the "Developer" button, which redirects Massachusetts residents to the interactive website www.hardrockhotels.com, which, according to the Privacy Policy available at www.hardrockhotels.com/privacy, is also "owned and operated" by Hard Rock Cafe. From the hardrockhotels.com website, Massachusetts residents interested in partnering with Hard Rock Cafe for a Reverb hotel may download the 143-page "Reverb by Hard Rock Franchise Disclosure Document" and the "Application for a Reverb by Hard Rock hotel." According to the Reverb by Hard Rock Franchise Disclosure Document, Hard Rock Cafe "administers the hotel reservation system that must be used at" every Reverb hotel.

## Jurisdiction and Venue

9. This Court has original jurisdiction over the subject matter of Fenway Enterprises' claims pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1116 and 1121. This Court has supplemental jurisdiction over Fenway Enterprises' state law claims pursuant to 28 U.S.C. § 1367.

10. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

11. This Court has personal jurisdiction over Hard Rock Cafe pursuant to M.G.L. c. 223A § 3 because, upon information and belief, Hard Rock Cafe transacts business in the Commonwealth of Massachusetts; contracts to supply services or things in the Commonwealth of Massachusetts; is causing tortious injury by an act or omission in the Commonwealth of Massachusetts; is causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside this Commonwealth and regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth; and has an interest in, is using or possessing real property in the Commonwealth of Massachusetts.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the owner of the trademark in dispute is located in Massachusetts, the property that is the subject of the dispute is located in Massachusetts, and Massachusetts is the nexus of the dispute.

## General Allegations

### "Verb"

13. The Verb hotel is located at 1271 Boylston Street, in the Fenway neighborhood of Boston, previously the location of the Fenway Motor Lodge and the Howard Johnson Hotel.

14. Developer Steve Samuels of Samuels & Associates, along with other business partners, acquired the property at 1271 Boylston Street in 2013. While visiting the Rock & Roll Hall of Fame and Museum in Cleveland, Mr. Samuels was inspired by the sight of a 1972 Randy Newman song scribbled on the stationary of the Fenway Motor Lodge. Rather than tear down the old motel, Plaintiff spent millions of dollars revitalizing the property into a unique, authentic, retro hotel with modern amenities that pays homage to the storied musical past of the Fenway neighborhood.

15. The overall vibe of the Verb hotel was developed with contributions from Stephen Mindich, publisher of the music-focused *Boston Phoenix* newspaper formerly located in the Fenway neighborhood, and David Bieber of the Boston Phoenix and Boston's WBCN rock radio station, which formerly broadcast from the Fenway neighborhood. As a result, the Verb hotel evokes Boston's musical heritage, which includes a distinctively designed interior that displays covers from the *Boston Phoenix* and vintage local rock and roll memorabilia. The key to success of this new venture is authenticity—providing patrons from across the country and around the world with an authentic and unique music-inspired experience drawn from the historic surroundings of the hotel.

16. To evoke both the musical and literary past, the name "Verb" was chosen because it is both a shortened form of the musical term "reverb" (or "reverberation") and the part of speech signifying action. Fenway Enterprises promotes the Verb hotel's name as deriving from the word "reverb." For example, in 2014, the Boston Globe highlighted the fact that the VERB Mark is derived from the term "reverb." A copy of the 2014 Boston Globe article is attached as **Exhibit C**. The Verb's website also highlights the fact that its name is derived from the word "reverb" as "a reminder of the music and attitude that's inspired us all throughout the years." An

image from the Verb website is attached as **Exhibit D**.  The Verb has likewise promoted "Reverb from the Roof" events in connection with the Boston Music Awards.  A copy of a Reverb from the Roof advertisement is attached as **Exhibit E**.

17. In early January 2014, after Fenway Enterprises filed the U.S. Trademark Application for VERB for "hotel services," the Verb was publicly announced as the latest project in the redevelopment and rebirth of the Fenway neighborhood.

18. Since this public announcement, and continuing after its grand opening in the summer of 2014, the Verb has received significant national attention and praise for its authenticity.  The Verb has been featured in the Wall Street Journal, New York Times, Boston Globe, US News, Boston Business Journal, Men's Journal, Bon Appetite, Travel & Leisure, HotelNewsResource.com and Space International Hotel Design, among other national media outlets.

19. Fenway Enterprises has spent significant resources building the goodwill associated with the VERB Mark in connection with music-inspired hotel services, including website visibility, search engine optimization, social media, videos, and national print and digital media where the Verb is promoted as a "Music-Inspired Hotel."

20. As a result of the enormous financial and marketing success of the Verb, and the goodwill Fenway Enterprises has built in the VERB Mark, Fenway Enterprises plans to expand its hotel brand into new locations under the VERB Mark, each of which will pay homage to local music scenes.

### HARD ROCK HOTELS

21. Defendant Hard Rock Cafe is the owner of the global brand "Hard Rock" in connection with, among other things, hotel services.

22. According to Hard Rock Cafe's website, the Hard Rock brand holds a "massive global presence" and "is one of the world's most globally recognized brands."

23. The Hard Rock brand is generally associated with glitzy, overstated, chain hotels with Hard Rock merchandise gifts shops that convey an inauthentic experience. For example, Hard Rock will soon be opening a giant guitar-shaped hotel in Florida, which the Miami Herald described as "a monstrosity that has offended nature itself." CNN reported that the upcoming Hard Rock guitar-shaped hotel will "contain all the glitzy, overstated fixings of a traditional Hard Rock property." An image of the new Hard Rock guitar-shaped hotel as depicted in the CNN article is reproduced below:



24. Hard Rock Cafe's own marketing firm noted publicly that the Hard Rock brand is "losing touch with a younger demographic" and "in danger of becoming irrelevant."

25. At the time of the opening of the Verb in 2014, the Boston Globe distinguished the authentic experience offered under the VERB Mark from the inauthentic offerings under the

Hard Rock brand, noting that the Verb is not "Hard Rock, a brand of rock-and-roll nostalgia that is as authentic as Milli Vanilli" (referencing the 1990s pop music pair that became infamous for secretly lip syncing their recordings and performances).  **Exhibit C**.

26. In addition, the Hard Rock Hotel brand has a negative reputation among many consumers as being associated with binge drinking, drug abuse, sexual harassment, and debauchery.  This reputation was perpetuated by the reality television show named *Rehab: Party at the Hard Rock Hotel,* which broadcast nationally for several seasons.  According to Hard Rock Cafe in publicly filed court documents, *Rehab: Party at the Hard Rock Hotel* portrayed staff at the Hard Rock Hotel as "unprofessional, incompetent, and/or physically and emotionally abusive," and the Hard Rock Hotel "as a destination that revels in drunken debauchery, acts of vandalism, sexual harassment, violence, criminality and a host of other behavior" that most people would find "unseemly and objectionable."  According to Hard Rock Cafe, customers and potential customers of hotel services complained that, as a result of the behavior exhibited by the staff at the Hard Rock Hotel on the show, they would never stay at a Hard Rock Hotel again.  Specifically, according to court documents filed by Hard Rock Cafe, customers and potential customers of hotel services said the following:

- "I have to say that my group of people will NEVER EVER stay at the Hard Rock again!! … For such a big corporation, you are putting out a really disturbing picture of all your establishments."

- "I am certain that I will not be attending any more events at Hard Rock in Dallas or any other city.  In addition, I will recommend to those I know planning events that they choose other venues."

- "I will tell everyone I meet and have an opportunity to speak with, do not spend your money at Hard Rock."

27. An article published by the Las Vegas Sun displayed images of residents of Boston, Massachusetts in sexually explicit poses while visiting the Hard Rock Hotel in Las Vegas. Hard Rock Cafe stated in court filings that the *Rehab: Party at the Hard Rock* show "has damaged the goodwill of the HARD ROCK marks among consumers."

## "REVERB"

28. Approximately four years after the nationwide positive press coverage surrounding the opening of the Verb, and the USPTO's issuance of the trademark registration for the VERB Mark for hotel services, Hard Rock Cafe announced that it would be opening a new "music-inspired hotel" in Atlanta, Georgia called "Reverb."

29. Upon information and belief, Hard Rock Cafe intends to open Reverb hotels in markets throughout the United States, including in Massachusetts.

30. In connection with its new line of Reverb hotels, defendant Hard Rock Cafe filed trademark applications with the USPTO for "REVERB" and "REVERB BY HARD ROCK" for hotel services. Exhibit B. Hard Rock Cafe has also filed trademark applications for "REVERB" and "REVERB BY HARD ROCK" for restaurant, bar and casino services.

31. Due to the "massive global presence" of the Hard Rock brand, consumers are likely to believe that the Reverb is a renewed, reset, restored, rebooted, revitalized, reimagined, reincarnated or reloaded version of the Verb. Consumers who may have been dissatisfied or even offended during their stay at a Hard Rock hotel or after watching *Rehab: Party at the Hard Rock Hotel*, are likely to decide not to stay at the Verb because they mistakenly believe the Verb hotel is associated with the Reverb hotel.

9

32. Hard Rock Cafe's adoption of the entirety of the VERB Mark for hotel services and simply adding the prefix "re" is likely to cause, and has likely already caused, confusion or mistake, and threatens Fenway Enterprises' ability to control the goodwill associated with its VERB Mark.

**HARD ROCK CAFE WILLFULLY INFRINGES FENWAY ENTERPRISES' TRADEMARK RIGHTS**

33. Upon information and belief, and in light of the fact that Hard Rock Cafe has filed hundreds of trademark applications at the USPTO and was on constructive notice of the VERB Mark at least as early as 2014, Hard Rock Cafe had actual knowledge of the VERB Mark for hotel services prior to launching the name "REVERB."

34. On March 25, 2019, Fenway Enterprises sent Hard Rock Cafe a letter in order "to call upon Hard Rock to respect the trademark rights of Fenway Enterprises and refrain from launching a new chain of hotels under the name 'REVERB.'" A copy of the March 25, 2019 letter is attached as **Exhibit F.**

35. Despite having a year to re-brand before the opening of its first Reverb hotel in Atlanta, Hard Rock Cafe instead chose to willfully infringe Fenway Enterprises' trademark rights in the VERB Mark.

36. Hard Rock has refused to change the name of its Reverb hotel in Atlanta. Moreover, in May 2019, after receiving Fenway Enterprises' cease and desist letter, Hard Rock Cafe announced that it will be opening a second Reverb hotel in California. In a statement to the press by Todd Hricko, Hard Rock Cafe's Senior Vice President of global hotel business development, Hard Rock Cafe has "about 60 additional Reverb hotels in the pipeline."

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

37. Plaintiff incorporates all of the foregoing allegations as if fully alleged and set forth herein.

38. Fenway Enterprises is the owner by assignment resulting from a merger with 1271 Boylston Street LLC (the original applicant), of all substantial rights and goodwill in the valid and enforceable U.S. Trademark Registration No. 4,634,225 for "VERB" registered on the Principal Register in Class 43 for "Hotel services." **Exhibit A**.

39. The Verb Mark is distinctive for hotel services.

40. The Verb Mark has been continuously used in commerce by Fenway Enterprises and its predecessor-in-interest since at least as early as 2014.

41. Fenway Enterprises' use of the Verb Mark in commerce in connection with hotel services predates any use by Hard Rock Cafe of "Reverb" or "Reverb by Hard Rock" in connection with hotel services.

42. Hard Rock Cafe has been advertising, marketing and promoting hotel services under the "Reverb" name without the authorization or consent of Fenway Enterprises.

43. "Reverb" for hotel services is confusingly similar to "Verb" for hotel services.

44. Hard Rock Cafe's unauthorized use of "Reverb" and "Reverb by Hard Rock" in connection with hotel services is likely to cause confusion, or to cause mistake, as to the source of hotel services offered under the VERB Mark in violation of 15 U.S.C. § 1114(a).

45. Hard Rock Cafe's efforts to directly link "Reverb" to the Hard Rock brand, including through the use of "Reverb by Hard Rock," is likely to cause reverse confusion as to the source of hotel services offered under the VERB Mark.

46. Upon information and belief, Hard Rock Cafe's infringing activities have damaged Fenway Enterprises and will continue to cause harm to Fenway Enterprises unless enjoined by this Court.

47. Upon information and belief, Hard Rock Cafe will continue to infringe the VERB Mark, causing irreparable harm to Fenway Enterprises, unless enjoined by this Court.

48. Upon information and belief, Hard Rock Cafe had knowledge of, or at least should have reasonably known of the existence of, the VERB Mark before deciding to pursue its new hotel chain under the names "Reverb" or "Reverb by Hard Rock."

49. Prior to the filing of this Complaint, Hard Rock Cafe had actual knowledge of the VERB Mark and Fenway Enterprises' claim that Hard Rock Cafe was infringing Fenway Enterprises' rights in the VERB Mark.

50. Hard Rock Cafe's past and continued acts of infringement are willful and deliberate.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1125(a)

51. Plaintiff incorporates all of the foregoing allegations as if fully alleged and set forth herein.

52. Fenway Enterprises owns all right, title and goodwill associated with the VERB Mark.

53. Fenway Enterprises' use of the VERB Mark is distinctive for hotel services.

54. Hard Rock Cafe's unauthorized use of "Reverb" and "Reverb by Hard Rock" in connection with hotel services is likely to cause confusion, or to cause mistake, or to deceive as to the source of hotel services offered under the VERB Mark, or as to an affiliation, connection or association between Fenway Enterprises and Hard Rock Cafe.

55. Hard Rock Cafe's efforts to directly link "Reverb" to the Hard Rock brand, including through the use of "Reverb by Hard Rock," is likely to cause reverse confusion as to the source

of hotel services offered under the Verb Mark, or as to an affiliation, connection or association between Fenway Enterprises and Hard Rock Cafe.

56. Fenway Enterprises' activities alleged herein have damaged Fenway Enterprises and will continue to cause harm to Fenway Enterprises unless enjoined by this Court.

57. Upon information and belief, Hard Rock Café will continue to cause irreparable harm to Fenway Enterprises unless enjoined by this Court.

58. Upon information and belief, Hard Rock Cafe had knowledge of, or at least should have reasonably known of the existence of, the VERB Mark before deciding to pursue its new hotel chain under the name "Reverb" or "Reverb by Hard Rock."

59. Hard Rock Cafe's past and continued acts are willful and deliberate.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

60. Plaintiff incorporates all of the foregoing allegations as if fully alleged and set forth herein.

61. Fenway Enterprises owns all right, title, and goodwill associated with the VERB Mark.

62. Fenway Enterprises' use of the VERB Mark is distinctive for hotel services.

63. Hard Rock Cafe's unauthorized use of "Reverb" in connection with hotel services is likely to cause confusion, or to cause mistake, or to deceive as to the source of hotel services offered under the VERB Mark, or as to an affiliation, connection or association between Fenway Enterprises and Hard Rock Cafe.

64. Hard Rock Cafe's efforts to directly link "Reverb" to the Hard Rock brand, including through the use of "Reverb by Hard Rock," is likely to cause reverse confusion as to the source of hotel services offered under the Verb Mark.

13

65. Upon information and belief, Hard Rock Cafe's infringing activities have damaged Fenway Enterprises and will continue to cause harm to Fenway Enterprises unless enjoined by this Court.

66. Upon information and belief, Hard Rock Cafe will continue to infringe the VERB Mark, causing irreparable harm to Fenway Enterprises unless enjoined by this Court.

67. Upon information and belief, Hard Rock Cafe had knowledge of, or at least should have reasonably known of the existence of, the VERB Mark before deciding to pursue its new hotel chain under the names "Reverb" or "Reverb by Hard Rock."

68. Hard Rock Cafe's past and continued acts of infringement are willful and deliberate.

## COUNT IV
## MASSACHUSETTS UNFAIR COMPETITION, M.G.L. c. 93A

69. Plaintiff incorporates all of the foregoing allegations as if fully alleged and set forth herein.

70. Hard Rock Cafe's foregoing acts, pattern and practices of trademark infringement constitute unfair competition and unfair and deceptive acts and practices under M.G.L. c. 93A.

71. Fenway Enterprises is the owner of the Verb hotel, located in Boston, Massachusetts.

72. Hard Rock Cafe is deliberately promoting its hotel services to, and opportunities to enter into hotel services contracts with, Massachusetts residents under the Reverb name.

73. Hard Rock Cafe knew or should have known that its acts, pattern and practices were in violation of M.G.L. c. 93A and the Lanham Act.

74. Hard Rock Cafe's acts and practices occurred primarily and substantially within the Commonwealth of Massachusetts.

75. Hard Rock Cafe's acts and practices in violation of M.G.L. c. 93A have damaged Fenway Enterprises.

**PRAYER FOR RELIEF**

WHEREFORE, Fenway Enterprises requests judgment against Hard Rock Cafe and respectfully prays for relief for all counts asserted in this Complaint as follows:

(i) A judgment that Hard Rock Cafe's use of "Reverb" and "Reverb by Hard Rock" for hotel services is confusingly similar to the VERB Mark for hotel services;

(ii) A judgment that Hard Rock Cafe has infringed the VERB Mark in violation of 15 U.S.C. § 1114(a);

(iii) A judgment that Hard Rock Cafe has infringed the VERB Mark in violation of 15 U.S.C. § 1125(a);

(iv) A judgment that Hard Rock Cafe has infringed Fenway Enterprises' common law rights in the VERB Mark;

(v) A judgment that Hard Rock Cafe's acts and practices constitute unfair competition and unfair or deceptive practices, and were knowing and willful in violation of M.G.L. c. 93A §§ 2 and 11;

(vi) An injunction enjoining Hard Rock Cafe, or anyone acting in concert or cooperation with Hard Rock Cafe, including any franchisees, affiliates, subsidiaries, successors, assigns or licensees, from engaging in any further infringement of the VERB Mark, including a permanent injunction enjoining any use of REVERB or REVERB BY HARD ROCK in connection with hotel and related services;

(vii) An order directing Hard Rock Cafe to deliver up to Fenway Enterprises for destruction any documents, labels, signs, prints, packages, wrappers, receptacles,

|       |      |
| ----- | ---- |
|       | advertisements or other articles in Hard Rock Cafe's control bearing REVERB or REVERB BY HARD ROCK; |
| (viii) | An order directing the U.S. Patent and Trademark Office to cancel all trademark registrations that may issue during the pendency of this case for REVERB or REVERB BY HARD ROCK for hotel and related services that are owned by Hard Rock Cafe and any franchisees, affiliates, successors, assigns or licensees; |
| (ix)  | An order compelling Hard Rock Cafe to abandon any pending trademark applications for REVERB or REVERB BY HARD ROCK for hotel and related services that are owned by Hard Rock Cafe and any franchisees, affiliates, successors, assigns or licensees; |
| (x)   | A judgment that Hard Rock Cafe's infringement of the VERB Mark was willful and deliberate, and that this case is exceptional pursuant to 15 U.S.C. § 1117; |
| (xi)  | An award of Hard Rock Cafe's profits, Fenway Enterprises' damages, as well as its costs and expenses, including attorneys' fees, associated with this litigation pursuant to 15 U.S.C.§ 1117(a); |
| (xii) | An award of treble damages, attorneys' fees and pre- and post-judgment interest pursuant to 15 U.S.C. § 1117(a) and M.G.L. c. 93A, § 11; and |
| (xiii) | All other and further relief as the Court deems just and proper. |

**PLAINTIFF FENWAY ENTERPRISES 1271 BOYLSTON STREET LLC REQUESTS A TRIAL BY JURY FOR ALL MATTERS SO TRIABLE**

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | FENWAY ENTERPRISES 1271 BOYLSTON STREET LLC, |
|  | By its attorneys, |
| Dated:  September 23, 2019 | */s/ Andrew T. O'Connor*<br>Jennifer B. Furey (BBO No. 634174)<br>Andrew T. O'Connor (BBO No. 664811)<br>GOULSTON & STORRS PC<br>400 Atlantic Avenue<br>Boston, Massachusetts 02110<br>P: (617) 482-1776<br>F: (617) 574-4112<br>*jfurey@goulstonstorrs.com*<br>*aoconnor@goulstonstorrs.com* |